UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANTHONY LOGAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 2:16-cv-00463-GZS |
| | ) |
| YORK COUNTY SHERIFF, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION SCREENING COMPLAINT
PURSUANT TO 28 USC §§ 1915, 1915A**

In this action, Plaintiff Anthony Logan complains of disruption in the receipt of his mail while incarcerated at the York County Jail. Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 5.)

In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or ... as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1]

Following a review of the pleadings, I recommend the Court dismiss Plaintiff's complaint for failure to state a federal claim.

---

[1] In his complaint, Plaintiff stated his current address was in Westbrook, Maine. However, Plaintiff's mail to the Court, including his most recent indication of intent to proceed (ECF No. 6), has all come from the York County Jail.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim ...; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto*

2

to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## BACKGROUND FACTS

Plaintiff alleges that while incarcerated at the York County Jail, he received his mail on a regular basis until Corrections Officer Mayo began working in his pod, at which time Officer Mayo began reading Plaintiff's mail. According to Plaintiff, Officer Mayo held some of Plaintiff's mail without first obtaining Plaintiff's signature on the appropriate consent form. On September 11, 2016, Plaintiff received an item of mail dated August 29, 2016. Plaintiff asserts his claim against the York County Sheriff's Department and its staff.

## DISCUSSION

"[A] prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "In balancing the competing interests implicated in restrictions on prison mail, courts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Id.* In *Wolff v. McDonnell*, the Supreme Court

held that legal mail from a prisoner's counsel can be inspected for contraband while still preserving the confidential nature of the communication by opening the mail in the prisoner's presence.  418 U.S. 539, 576 – 77 (1974).  However, other than in the context of mail between attorney and client, which raises special concerns related to the prisoner's access to the courts, a prison policy of opening and examining incoming mail does not raise a constitutional concern.  *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005) ("Inmates have a First Amendment right both to send and receive mail, but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband[.]" (citation omitted)).

A prisoner's constitutional interest in receiving mail can be violated by the failure of prison staff to deliver timely incoming mail.  Isolated incidents and short-term delay, however, do not rise to the level of a constitutional violation.  *Sizemore v. Williford,* 829 F.2d 608, 610 (7th Cir. 1987) ("[A]n isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment."); *Langlois v. Dane Cty. Sheriffs Office & Deputies*, No. 3:08-cv-541, 2008 WL 4722993, at *1 (W.D. Wis. Oct. 23, 2008) (dismissing claim alleging 10-day denial of all incoming mail during period of "lockdown").

In this case, Plaintiff's allegations regarding Officer Mayo's handling of Plaintiff's incoming mail, including the alleged delay in the delivery of the mail by 13 days, would

not support a finding that Defendants violated Plaintiff's constitutional rights.[2] *Rowe v. Shake*, 196 F.3d 778, 780 (7th Cir. 1999) (affirming sua sponte dismissal where the allegations indicated that multiple articles of mail were delayed, including 10 items delayed by 14 days or less).

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend that the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of October, 2016.

---

[2] Plaintiff alleges the letter was "dated August 29" and he received it on September 11. Plaintiff does not specify whether August 29 was the date the letter was post-marked or the date the author wrote the letter. Regardless, a one-time delay of 13 days does not constitute a constitutional deprivation.